The first case for argument this morning is number 20-34-26, Elizabeth Salcido Mar v. Merrick B. Garland. May it please the court, Jamie Arango on behalf of the petitioner Elizabeth Salcido Mar. I'll begin by discussing whether or not this issue has been properly exhausted before coming before you this morning. The petitioner has filed a motion to reconsider with the Board of Immigration Appeals. That motion was filed on the same day as this appeal was filed in this court on November 19, 2020. That motion is still pending. So that, if that's required for exhaustion, this matter should be held in abeyance until that is decided. However, the petitioner would argue that those issues are identical. And thus, the board already had the opportunity to make a decision on the issue. The motion is pending, is that what the court told you? I'm sorry, I didn't hear you. What is the motion about that's pending? Whether or not the court committed legal error in refusing to equitably toll the deadline. And that is the issue for this court. Counsel, let me ask you this, since you're talking about exhaustion. At the very beginning of the motion that we have in the record, the one we have in the record, it says, you acknowledge that it's a second motion and that it would normally be tolled numerically, and then ask that the numerical and time limits be equitably tolled in light of the serious mental condition. So there is a reference to equitable tolling. But the problem is, there's no argument. That's the only time equitable tolling is ever raised in the motion. So the argument for equitable tolling is based upon the changing circumstances. And the changing circumstances are the bulk of the argument in the respondent's motion. And the respondent's motion cites 8 CFR 103.2C1, which is a change of circumstances. So the bulk of the argument, the equitable tolling is requested based upon the change in circumstances. The bulk of the argument is based upon the change of circumstances that were not known to the petitioner at the time the matter was previously before the court. And based on that change of circumstances, the numeric and time bar should be equitably tolled. See, that's the funny part. So I think you're probably right, Heather, not in the repeated references to sui sponte reopening. So I think later on there's quite a few references to that. There's actually two references to sui sponte reopening. After the end of the argument section, we do acknowledge that the court has the power to sui sponte reopen the matter based upon 8 CFR 103.2A, which is a different section of the law. But we're not – she wasn't solely asking for that. The change in circumstances, the argument for sui sponte reopening is an exceptional situation argument. So there are different factors, different cases that would have been laid out in order to argue with the board that she met their standard for showing that her daughter's illness was an exceptional circumstance and that that warranted the reopening. That's not the bulk of the argument. Well, let me ask you this. So you're actually leading right into my next question, which is, as I recall, and I forget the exact nomenclature here, but one of either equitable tolling or sui sponte reopening, one says extraordinary circumstances and the other says exceptional circumstances. And the board dealt with the one dealing with sui sponte reopening, didn't deal with the equitable tolling. But wouldn't the outcome be the exact same in the sense that, I don't know the difference between extraordinary circumstances and exceptional circumstances. Can't we use the board's findings on sui sponte reopening to say there's no way the board would have reacted to equitable tolling? So this circuit's previous finding and other circuits' previous findings, you don't have jurisdiction to respond to sui sponte reopening because of that section of the Code of Federal Regulations doesn't lay out any factors. There's nothing for you to look at to say this is what should have been applied in order to reach a good decision. We can't decide whether or not discretion has been abused because there's nothing set out. In the other Code of Federal Regulations section, there are factors set out as to what a court should consider when deciding whether or not to open an equitably tolled deadline on a decision that the circumstances have changed. I agree with all that. I just wonder where you already have the findings on one thing we can't review, and those findings can bear on the thing we can review. Whether we can use those findings that are clearly in the board's decision to answer the question that you say we should answer now, the equitable tolling issue. I would say this. The decision, there is no decision on whether or not to equitable toll. There's no decision on whether or not she's met the factors that are laid out in 8 CFR 103.2C1. There's no decision on that. They completely skip it. The decision that they do lay out on whether or not she qualifies under an exceptional circumstance for sui sponte reopening, I don't think that decision would be given deference. They don't commit a thorough rendering of the facts and their decisions based on those facts in order for you to rely on that than to say that they would have reached the same conclusion had they applied the same facts to the other factors. They're not the same. That exceptional circumstances, again, the reason why you and the other separate courts have decided that you can't review that is because there's no deference to be given because they have sole discretion. They can decide anything that they essentially can reason under that section of the code, and there's no way for you to review it. I would argue the same thing here. If it's not reviewable under an exceptional circumstances because of that section of the code, then we would ask that you review it under the proper section of the code and lay out the factors that they do have and the decisions that they have made based upon that code section because there is a legal determination to be made under 8 CFR 103.2C1 that they simply did not make. So that is where the words are similar, but the code sections are very different on those two sections. Well, the sections may have different terms in them, but I still am stuck with this problem where if you look at what's extraordinary and what's exceptional, and if you look at dictionary definitions, they cross-reference to each other because it's just how they are defined. Now, exceptional means what it says, creating an exception. Extraordinary means out of ordinary. And then they each have the same term in cross-reference in most dictionaries. So I'm trying to figure out, once you've decided one, how is it humanly possible that the other one has not necessarily been decided as well? Because that code section takes it a step farther and sets out factors that have to be discussed. So they have to discuss whether or not the motion was timely, whether or not the facts that are presented in the instant matter could have been presented previously. It's more of an analysis of whether or not the court previously had the opportunity to review evidence that was relevant for the relief being sought that was not available at the time that it was previously before the court. So it's a completely different analysis. It doesn't just hinge on those words. So that analysis is based on, we feel that it's equitable to reopen a matter if there are facts that were not previously available to the court that are relevant to the decision and to the relief that the respondent sought in earlier proceedings. And that's true in this case. The illness of her daughter didn't arise until after her previous proceedings were concluded. So she had no way to raise that evidence at the previous proceedings. So that's the basis for being able to reopen a matter based on changed circumstances. It really all comes down to, and I want to give you time to answer this, the numerical time bar. I think that's going to be the real nut if we get past exhaustion. What's your best argument that equitable tolling applies to the numerical bar? The daughter was not ill at the time of the previous proceedings. There is no way. In the numerical bar, the original motion to reopen was based upon the illness of another child. So that was based on the illness of Genesis, not the illness of Janie. Janie was three weeks old at the time the other motion to reopen was filed. Well, that's the new information. I understand the new information. What's the best argument that's actually available given the statute and the code provisions and everything else? Because I think equitable tolling is usually about time. It's not about the number. I can't think of another situation where you say, oh, we're going to equitably toll and allow you to file five motions or something like that. It's usually, no, we're going to give you an extra 10 days or 20 days. So that code section actually lays out that it will toll both the numerical and the time bars for a motion to reopen. It states that in the code section. Thank you. Comments or questions? It may please the court. My name is Richard Keller, representing the attorney general. This court should dismiss the petitioner's challenges to the board's denial of her second and timely motion to reopen. First, to the extent that the petitioner challenges the board's denial to respond to reopening, I think it's well-established that the court lacks jurisdiction to review that termination. This court is bound by the en banc decision in Timmitt v. McCasey. So there's no reviewable findings there. And then I just want to clarify these questions about the standard between equitable tolling and responsive reopening. Correct. They do use that similar term, extraordinary circumstances, exceptional circumstances. However, equitable tolling is a very complex analysis. There are many recent pre-court decisions on this issue. There are many East Circuit opinions on this issue. So it's not going to satisfy exhaustion if the petitioner just raises the argument in one sentence to the board. Because, for example, just the equitable tolling one has two different problems. You have to show due diligence as well as exceptional circumstances. And those circumstances, different from the responsive reopening context, require them to be beyond the control of the petitioner. Also, it has to be related to the filing deadline. So it is a different analysis. Usually the vast majority of the cases before the board that are granted or raised the equitable tolling issue are ineffective assistance of counsel cases. Something where there's a fraud or self-deception or the petitioner is actually unaware. It gets more complicated when petitioners raise these other circumstances because sometimes there's a foreseeability issue. Could this circumstance have reasonably been foreseen by the petitioner? Do they have to plead all this, though? And by plead, I mean put it in the motion. We're not talking about a complaint. But do they have to, for example, say, I exercise due diligence. Or is it enough to say, I want to have equitable tolling here and cite the provision and then provide grounds on why equitable tolling is available? Well, I think what the board would probably, I think we could look to the waiver standard. Is the issue raised sufficiently? And I think there probably can be some gray area cases. I don't think this is one because there's no legal authority cited. No cases that she drew in comparison for the board to sort of weigh, to show the board that, okay, this is something that clearly satisfies equitable tolling. Or even just saying the due diligence, even if it's relatively clear here, it obviously hasn't been a long time since the medical issue occurred. But at least something so the board can cite to. Because it is ultimately the petitioner's burden to show that this sparingly invoked doctrine of equitable tolling applies. So I think generally the petitioner can't do that by just raising it in one sentence. Especially in this case, the board clearly considered it as sua sponte reopening. If you look at the argument section, she raises it in the introduction. She raises the sua sponte in the first paragraph and the last paragraph of her argument section. So I think what she wanted the board to do was waive the time bars. But the board can't do that. It has to deny an untimely motion. The only really remedy available if she didn't make an equitable tolling argument was the sua sponte reopening. So I think the board did not err in considering it that way. Also, I think it's she concedes that she filed a motion to reconsider. She can petition for review from that decision. So the board's going to ultimately reach that issue. So you would suggest it would not hold the case? I don't see that point. Because the court will have to rule on these issues anyway. So that's going to just bring up a separate issue, whether the board reconsiders that argument. I don't know how ostensibly she remade that argument. But, ostensibly, that finding will be before the court if she decides to petition for review. So I don't think the court really has to reach that hearing even if it wanted to, I guess. Also, I just want to point out, she was on notice. Her first motion was denied because she failed to adequately explain why the motion was untimely. That's on page 70 of the record. The board's decision. So I think she was ultimately on notice that she should have at least flushed out the argument. And then I note that in their opening brief, they don't really point to anywhere where they made that equitable tolling argument. And this goes to your honest question. I don't think the board, this court can reach that finding without the board's analysis on the equitable tolling issue under the Chenery Doctrine. I think it wasn't a ground that the board relied upon. And so it is a strange situation given that there's so much overlap between them. I mean, there is. As you can even see from the motion itself, right, the motion is set up so that they're overlapping. But I totally get the Chenery point. The board never addressed it. So that's a good point. Yes, Your Honor. Right. So I think if the court, that might come up again in the future. But for this petition, I think the board, the court should just dismiss the challenges and dismiss the petition for review. To the extent of the challenges, this is fount of denial. If Your Honor said no further questions, I would submit the motion. Well, I want to know, so if we get past, because I think exhaustion is very close here. I think it's a very close call. Given, I mean, there isn't a lot there, but it's clear. If I were reading this motion, I would say that it was definitely raised. But I would say probably it's not meaningfully argued. But we don't necessarily see that because the board is completely silent on equitable tolling. And so I want to know what the numbers are. I want to hear what the government's argument is, if we were to reach that, and whether equitable tolling is available for the number one. Well, again, I think we would need to have an analysis of the case law. Because I would liken this case more to a case where there's an intervening change in law. There's a lot of precedent on those kind of equitable tolling arguments. And generally the courts have found that it's generally foreseeable that laws can change and things like that. Similarly here, it isn't unforeseeable necessarily that the petitioner can have another trial, maybe with a medical issue of some sort. So I think it's really a question that requires the agency's analysis and expertise on. The legal question as to whether equitable tolling is available at all for the number bar? See, I'm asking whether as a matter of law, equitable tolling is even available for the number bar. Oh, subject to equitable tolling? Yeah. I don't think the court has actually decided whether the number bar has equitable tolling available. I think the majority of courts that have examined the issue have decided that it is. So I think our position is that even assuming it applies, we would still need agency findings on that issue. Because the board does regularly examine those arguments, even if they're kind of arguing it for a non-tax reason. I don't mean to pressure you. Maybe you can't say because there might be litigation in other circuits. But I'm just curious. Is the government's position that equitable tolling is available as the number bar? And I understand you say you don't need to reach it, but let's say we do have to reach it. What's the government's position on that? I don't know the answer to that. So thank you. I still have the TV right there. I'm out of time. Your Honors, so I would like to revisit the argument section of the motion to reopen and the title page of the motion to reopen. So the title page of the motion to reopen is titled Motion to Change Based on Changed Circumstances. That changed circumstances section of the law, again, is 8 CFR 103.2C1. It's not 1003.2A. That's the sua sponte reopening power. It's a different statutory section. Is C1 actually cited? It is, Your Honor. It's only the CFR citation in the motion to reopen. The petitioner's argument in the argument section of the brief is based upon the factors laid out in that code section, and it actually follows in line exactly with the code. Thank you. Thank you, Counsel. The court appreciates your appearance and argument today. These motions have been decided in the courts. The committee is adjourned.